# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Curtis Lee Watson, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 20-510 (UNA) |
| Veterans Hospital Medical Staff, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

The complaint is captioned "A Suit Concerning Medical Mistakes That Have Led To Plaintiff Being Injured, and Suffering from Paralysis." Plaintiff appears to be seeking damages for injuries that he alleges he suffered as a result of substandard medical care delivered at the Veterans Administration Medical Center, and he also asks for an injunction to compel the

1

Washington VA Medical Center in the District of Columbia to take responsibility for plaintiff's "medical care and transportation until this matter has been decided by a jury[.]" Compl. at 3.

With respect to plaintiff's interim request that the Court direct the VA to provide him with transportation and care elsewhere, decisions "affecting the provision of veterans' benefits" are generally the exclusive province of the Court of Veterans Appeals and the United States Court of Appeals for the Federal Circuit. *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam); *accord Hunt v. U.S. Dep't of Veterans Affairs*, 739 F.3d 706, 707 (D.C. Cir. 2014) (per curiam), citing 38 U.S.C. § 511(a); *Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005). "Benefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e).

Since plaintiff is seeking "the VA's action . . . with respect to a veterans' benefits matter," the Court lacks subject matter jurisdiction over his claim for injunctive relief. *Price*, 228 F.3d at 421, citing 38 U.S.C. § 511(a). *See also id*. at 422 ("[C]ourts have consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction.") (citing cases)); *see also Thomas*, 394 F.3d at 975 ("Because adjudicating . . . allegations [of] failure to render appropriate medical services and denial of . . . necessary medical care treatment would require the district court to determine first whether the VA acted properly in providing . . . benefits, [such] claims are barred by section 511.") (internal quotation marks and omitted)); *Verner v. U.S. Gov't*, 804 F. Supp. 381, 385 (D.D.C. 1992) (concluding that the "Court is clearly barred by § 511(a) from issuing" a preliminary injunction to compel veteran's medical treatment).

With respect to plaintiff's underlying tort claim alleging negligence, section 511(a) is not a jurisdictional bar to a claim that does not entail the review of a benefits decision. *Blue Water Navy Vietnam Veterans Ass'n, Inc. v. McDonald*, 830 F.3d 570, 576 (D.C. Cir. 2016). But there are other problems that stand in the way of the Court's review.

Plaintiff appears to be seeking damages for medical malpractice. *See* Compl. at 1, 3. The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, waives the federal government's immunity with regard to certain personal injury claims for money damages. But before proceeding in federal court, the complainant must have first presented the claim "to the appropriate Federal agency" and obtained a final written denial or allowed six months to pass without a final disposition. 28 U.S.C. § 2675(a). Under the law of this circuit, the presentment requirement is "jurisdictional." *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007). Nothing in the complaint suggests that plaintiff has pursued his administrative remedy under the FTCA. Therefore, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

_____s/_____
AMY BERMAN JACKSON
United States District Judge

Date: April 7, 2020